IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

| | |
|---|---|
| YVONNE ALSTON, <br> 10012 Cedarhollow Lane <br> Largo, MD 20774 <br><br> Plaintiff, <br><br> vs. <br><br> EMBRACE HOME LOANS <br> Serve: Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, MD 21201 <br><br> Defendant, <br><br> FREEDOM PLUS / CROSS RIVER <br> Serve: CSC-Lawyers Incorp. Service Co. <br> 885 Teaneck Road <br> Teaneck, NJ 07666 <br><br> Defendant, <br><br> CITIZENS BANK NA <br> Serve: CSC-Lawyers Incorp. Service Co. <br> 770 Legacy Place <br> Dedham, MA 02026 <br><br> Defendant, <br><br> CROSSCOUNTRY MORTGAE INC <br> Serve: Corporation Trust Incorporated <br> 300 East Lombard St, Suite 1400 <br> Baltimore, MD 21202 <br><br> Defendant, <br><br> ONEMAIN FINANCIAL, INC <br> Serve: Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, MD 21201 <br><br> Defendant, <br><br> PROSPER MARKETPLACE INC | CIVIL ACTION NO. CAL16 44036 <br> JURY TRIAL DEMANDED |

1



```
    Serve: CSC-Lawyers Incorp. Service Co.  )
           7 Saint Paul Street, Suite 820    )
           Baltimore, Maryland 21202         )
                                             )
           Defendant,                        )
                                             )
✓ FIRST NATIONAL BANK OF OMAHA               )
    Serve:  Corporation Trust Incorporated   )
            1620 Dodge Street                )
            Omaha, NE 68102                  )
                                             )
           Defendant,                        )
                                             )
✓ DISCOVER FINANCIAL SERVICES                )
    Serve:  Corporation Trust Incorporated   )
            351 West Camden Street           )
            Baltimore, MD 21201              )
                                             )
           Defendant,                        )
                                             )
✓ DISCOVER BANK                              )
    Serve:  Corporation Trust Incorporated   )
            351 West Camden Street           )
            Baltimore, MD 21201              )
                                             )
           Defendant,                        )
                                             )
✓ ADVANCEPOINT CAPITAL                       )
    Serve: CSC-Lawyers Incorp. Service Co.   )
           51 Haddonfield Rd, Suite 135      )
           Cherry Hill, NJ 08002             )
                                             )
           Defendant,                        )
                                             )
✓ CNU ONLINE CASHNETUSA                      )
    Serve:  Capitol Corporate Services, Inc. )
            3206 Tower Oaks Blvd, 4th Flr    )
            Rockville, MD 20852              )
                                             )
           Defendant,                        )
                                             )
✓ GECRB / SYNCHRONY BANK                     )
    Serve:  Corporation Trust Incorporated   )
            170 West Election Rd, Suite 125  )
            Draper, UT 84020                 )
                                             )
```

|                                              |   |
|----------------------------------------------|---|
| Defendant,                                   | ) |
|                                              | ) |
| ✓ VIVINT SOLAR INC.                          | ) |
|   Serve: Corporation Trust Incorporated | ) |
|       351 West Camden Street | ) |
|       Baltimore, MD 21201 | ) |

Defendant,

✓ VIVINT SOLAR INC.
   Serve: Corporation Trust Incorporated
       351 West Camden Street
       Baltimore, MD 21201

Defendant,

✓ ELAN FINANCIAL SERVICES
   Serve: Corporation Trust Incorporated
       4325 17th Avenue South
       Fargo, ND 58103

Defendant,

✓ AMERIPRISE AUTO AND HOME
   Serve: Corporation Trust Incorporated
       351 West Camden Street
       Baltimore, MD 21201

Defendant,

✓ PHYSICIAN'S LIFE INSURANCE
   Serve: CSC-Lawyers Incorp. Service Co.
       2600 Dodge Street
       Omaha, NE 68131

Defendant,

✓ MONTGOMERY WARD
   Serve: CSC-Lawyers Incorp. Service Co.
       51 Haddonfield Rd, Suite 135
       Cherry Hill, NJ 08002

Defendant,

✓ SUNTRUST BANK
   Serve: CSC-Lawyers Incorp. Service Co.
       7 Saint Paul Street, Suite 820
       Baltimore, MD 21202

Defendant,

✓ POWER WINDOW AND SIDING
   Serve: CSC-Lawyers Incorp. Service Co.

```
5000 Hilltop Drive                    )
Brookhaven, PA 19015                  )
                                      )
Defendant,                            )
                                      )
PRIMARY RESIDENTIAL MORTG             )
Serve:  Corporation Trust Incorporated)
        351 West Camden Street        )
        Baltimore, MD 21201           )
                                      )
Defendant.                            )
```

## CLASS ACTION COMPLAINT AND JURY DEMAND

The Plaintiff, Yvonne Alston, bring this complaint against the defendants Embrace Home Loans, Inc. ("Embrace"), Freedom Plus/Cross River ("Cross River"), Citizens Bank NA ("Citizens"), CrossCountry Mortgage Inc ("CMI"), One Main Financial ("OneMain"), Prosper Marketplace Inc ("Prosper"), First National Bank of Omaha ("FNBO"), Discover Financial Services and Discover Financial Bank ("Discover"), AdvancePoint Capital ("Advance"), CNU Online Cashnetusa ("CNU"), Synchrony Bank, Vivint Solar Inc. ("Vivint"), ELAN Financial Services ("ELAN"), Ameriprise Auto And Home Insurance Agency, Inc. ("Ameriprise"), Physician's Life Insurance ("PLI"), Montgomery Ward & Co. ("Montgomery Ward"), SunTrust Bank ("SunTrust"), Power Window And Siding ("PWS"), Primary Residential Mortgage, Inc ("PRMI"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for a consumer seeking actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

## PARTIES

2. The Plaintiff is a natural person and resides in Prince George's County Maryland.

3. Embrace is a mortgage lender with offices throughout the US, including MD.

4

4. Freedom Plus offers unsecured loan products to consumers seeking funds for refinancing and home improvement. All loans available through Freedom Plus are made by Cross River Bank, which is a state chartered commercial bank that provides personal and business banking services to individuals and companies across the United States.

5. Citizens is a financial institution that provide credit to consumers, including credit cards, home loans, auto loans and banking products.

6. CrossCountry is mortgage broker and Freddie Mac, Fannie Mae and Ginnie Mae Approved Seller/Servicer that is licensed in 49 states to offer a wide portfolio of home purchase, refinance, and home equity products.

7. OneMain, fka Citigroup, is a financial institution that provide credit to consumers, including credit cards, home loans, auto loans and banking products.

8. Prosper together with its subsidiaries, develops a peer-to-peer online credit marketplace in the United States.

9. FNBO was founded in 1857 and provides personal and business banking services.

10. Discover is a financial institution that provide credit to consumers, including credit cards, home loans, auto loans and banking products.

11. Advance provides business loans alternatives.

12. CNU offers payday loans, installment loans and lines of credit.

13. Synchrony, fka GE Capital Retail Bank, provides banking products and services.

14. Vivint provides distributed solar energy to residential, commercial, and industrial customers in the United States. It has operations in 12 states, including Maryland.

15. ELAN provides credit card transaction management services.

16. Ameriprise is one of the nation's fastest growing insurance companies.

17. PLI offers life and medicare insurance services. Additionally, the company also offers annuity products.

18. Montgomery Ward operates as a mail-order and online retailer. It sells bed and bath products, furniture, home products, electronics, health and beauty products, outdoor products, gifts and toys, jewelry, products for women, and products for men. The company was founded in 1872 and is based in Chicago, Illinois.

19. SunTrust is a financial institution that provide credit to consumers, including credit cards, home loans, auto loans and banking products.

20. PWS was founded in 1987 and is one of the leading home remodeling contracting companies in the United States.

21. PRMI is one of the top mortgage companies in the US.

## FACTS

22. Within one year of the filing of this complaint the Plaintiff obtained her Trans Union and Experian credit reports.

23. On her Trans Union credit report were several credit inquiries by entities that Plaintiff had no credit account or business relationship. Nor did the Plaintiff recently apply for credit with these entities or authorize these entities to obtain her reports. Further, these entities did not offer Plaintiff credit or otherwise make a firm offer of credit.

24. The entities appearing that illegally procured Plaintiff's Trans Union credit report included CNU, Synchrony, Vivint, ELAN, Ameriprise, PLI, Montgomery Ward, and SunTrust.

25. On her Experian credit report were several inquiries by entities that Plaintiff had no account. Nor had the Plaintiff applied for credit or authorized these entities to obtain her reports. Further, these entities did not offer Plaintiff credit.

26. The entities appearing that illegally procured Plaintiff's Trans Union credit report included Embrace, Cross River, Citizens, CrossCountry, OneMain, Prosper, FNBO, Discover, PRMI and Advance.

27. In September 2016 Plaintiff sent dispute letters to Trans Union and Experian wherein Plaintiff stated the inquiries by the defendants were illegal.

28. In her disputes the Plaintiff specifically stated that the defendants' inquiries were unauthorized and requested that Experian and Trans Union investigate whether the defendants had a permissible purpose to acquire her report. Plaintiff further stated that if the defendants represented that she applied for credit with them, the defendants were mistaken or someone had stolen her identity.

29. Upon information and belief, Experian and Trans Union, notified the defendants of Plaintiff's disputes and the defendants verified the disputed information as being reported accurately without investigating the Plaintiff's claims in her dispute letters. Upon information and belief, the defendants did not taken any steps to verify that they had authorization to obtain Plaintiff's credit reports or take any steps to verify defendants had an application from Plaintiff, much less verify the application was not fraudulent or the result of identity theft.

30. In October 2016 Plaintiff sent more dispute letters to Trans Union and Experian wherein Plaintiff stated the inquiries by the defendants were illegal.

31. In her disputes the Plaintiff specifically stated that the defendants' inquiries were not authorized, did not result in a firm offer of credit, were not account reviews and were not done for purposes of collecting a debt. Plaintiff further stated that Trans Union and Experian should conduct an investigation to verify or validate whether the credit pulls resulted in a firm

offer of credit, were done for purposes of an account review or to collect a debt, or that I authorized the credit inquiry.

32. Upon information and belief, Experian and Trans Union, notified the defendants of Plaintiff's disputes and the defendants verified the disputed information as being reported accurately without verifying whether the credit pulls were authorized, or to make a firm offer of credit, or to conduct an account review or for debt collection purposes. Upon information and belief, the defendants did not taken any steps to verify that they had authorization to obtain, did not taken any steps to verify they obtained her credit to make a firm offer of credit, and did not take any steps to verify they had an account or debt with the Plaintiff.

33. Upon information and belief, Experian deleted several credit inquiries despite the defendants' instructions to continue reporting the credit inquiries. Experian deleted the inquiries in contradiction to defendants' instructions to continue reporting the inquiries because Experian requested the defendants provide certain information and defendants' failed to do so.

## COUNT ONE: VIOLATIONS OF FCRA
## (15 U.S.C. §§1681b(f), 1681q)

34. Plaintiff incorporates paragraphs 1-33 by reference.

35. The defendants did not obtain the Plaintiff's reports for the purpose of an account review or to make a firm offer of credit or to process an credit application. Upon information and belief, the defendants falsely represented that they were obtaining Plaintiff's report for a permissible purpose.

36. According to Plaintiff's Experian report, defendants identified in paragraph 27 obtained the credit report for one of the following reasons:

    (i) creditor to offer Plaintiff preapproved credit;

    (ii) employer to extend an offer of employment;

8

      (iii)    potential investor to assess the risk of a current obligation;

      (iv)    current creditor to monitor Plaintiff's accounts;

      (v)    end user to complete Plaintiff's mortgage loan application; and

      (vi)    insurer to underwrite insurance for auto or home coverage.

37. None of the defendants offered the Plaintiff preapproved credit or employment. None of the defendants were potential investors or assessing the risk of a current obligation of the Plaintiff. None of the defendants were current creditors or monitoring an account of the Plaintiff. None of the defendants were completing a mortgage loan application. None of the defendants were an insurer or underwriting insurance for auto or home coverage.

38. According to Plaintiff's Trans Union report, defendants PWS, ELAN, Vivint, Ameriprise, PLI and Montgomery Ward [check SunTrust] obtained Plaintiff's credit report for a promotional inquiry. But this reason was false and deceptive because none of the defendants actually made an offer of credit, much less a firm offer of credit to Plaintiff.

39. According to Plaintiff's Trans Union report, defendants [check CNU] and Synchrony obtained Plaintiff's credit report for a regular inquiry. But this reason was false and deceptive because the Plaintiff did not apply for credit with either of the defendants and nor did she otherwise authorize either defendant to obtain her report.

40. Upon information and belief, the defendants have received complaints from other consumers regarding the illegal credit inquiries and thereby, the defendants know and intended to illegally obtain Plaintiff's credit reports. After a reasonable time to conduct discovery, Plaintiff believes she can prove that the defendants have received numerous disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this complaint, with respect to the defendants' practice of obtaining consumers' credit reports without proper authority to do so.

9

41. The defendants know their purpose for obtaining consumers' reports are often for reasons and/or purposes not sanctioned or valid under the law. For instance, the defendants often will obtain the report for purposes, such as research, marketing, both of which are not allowed under the FCRA.

42. Defendants know that the FCRA requires that the defendants have a purpose designated under §1681b to acquire Plaintiff's credit reports. Upon information and belief, at the time that the defendants requested Plaintiff's credit report, the defendants knew, or should have known, that they were *not* obtaining Plaintiff's report for a permissible purpose.

43. Upon information and belief, the defendants obtained Plaintiff's credit reports for one or more of the following reasons: (1) marketing, (2) research, (3) investigation, (4) sale the information to a third party, (5) maliciously violate Plaintiff's privacy, or (6) some other impermissible purpose.

44. Defendants believe they do not need a legitimate purpose to acquire a consumers report when the credit inquiry is considered a soft pull because such an inquiry does not affect the consumers' credit score.

45. After a reasonable time to conduct discovery, Plaintiff believes she can prove that the defendants have engaged in a pattern and practice of wrongful and unlawful behavior with specific respect to its illegal procurement by systematically representing to a credit reporting agency that they have a certified reason for the inquiry while knowing that did not have certified reason and in fact were requesting the reports for reasons not allowed under the law.

46. The Defendants conduct in willfully, intentionally or recklessly obtaining Plaintiff's credit information and invading Plaintiff's privacy, was a violation of Plaintiff's rights under FCRA, at 15 U.S.C. §§1681b(f) and 1681q.

47. As a direct and proximate result of the Defendants violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to: mental anguish and emotional distress from the ongoing invasion of his privacy and the possibility of future unauthorized inquiries into his personal financial information and/or risk of additional instances of identity theft resulting from such inquiries, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

48. As a direct and proximate result of the Defendants CNU and Synchrony violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to: reduction of credit score, damage to financial reputation, mental anguish and emotional distress from the ongoing invasion of his privacy and the possibility of future unauthorized inquiries into his personal financial information and/or risk of additional instances of identity theft resulting from such inquiries, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

49. The Defendants violations were not only negligent but also willful within the meaning of 15 U.S.C. §1681n(a). As a result of the CRAs' willful noncompliance with the requirements of §1681q, Plaintiff is entitled to statutory and punitive damages under §1681n(a).

## COUNT TWO: VIOLATIONS OF FCRA
## (15 U.S.C. §1681s-2(b))

50. Plaintiff incorporates paragraphs 1-49 by reference.

51. Defendants D&S violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A)-(E) by failing to fully and properly respond to the Plaintiff's disputes.

11

52. Defendants' response to Plaintiff's disputes did not constitute a thorough, detailed careful inquiry of Plaintiff's claims. Upon information and belief, when responding to Plaintiff's disputes, the defendants performed a quick, sloppy, and superficial response that consisted of nothing more than merely verifying identification information and/or matching the information currently being reported with the information on defendants' computer system and/or the same information previously reported by them.

53. In response to Plaintiff's claim that he did not authorize the credit inquiries and that the inquiries may have been by mistake or due to fraud, the defendants should have done more than just data matching. A reasonable response should have included an investigation into whether the credit inquiry was done by mistake, not simply checking on whether they made a credit inquiry. Further, the defendants should have investigated whether the Plaintiff made the credit inquiry or some other person fraudulently made the inquiry in the Plaintiff's name. At a minimum, the defendants should have reviewed the purported authorizations (i.e. credit application, etc.) to verify *they actually have a document* or some other proof that Plaintiff authorized the credit pull and to verify that the authorization actually came from Plaintiff and not some fraudulent imposter.

54. In response to Plaintiff's claim that the defendants did not make a firm offer of credit to her, the defendants should have done more than just data matching. A reasonable response should have included an investigation into whether the defendants *actually sent* Plaintiff a firm offer of credit. Had the defendants done a reasonable investigation, they would have discovered that they did not make a firm offer of credit and would have deleted the inquiries from Plaintiff's report.

55. In response to Plaintiff's claim that the defendants did not have an account with the Plaintiff, the defendants should have investigated whether the Plaintiff had an *actual account* or a debt with the defendants. A reasonable response should have included an investigation into whether the defendants had an account with the Plaintiff. Had the defendants done a reasonable investigation, they would have discovered that they did not have an account with the Plaintiff, that no account review was conducted and would have deleted the inquiries from Plaintiff's report.

56. Had defendants performed their statutory obligations, the defendants would have notified Experian and Trans Union that in light of Plaintiff's disputes, they could not verify the inquiries were done for a permissible purpose and instructed Experian and Trans Union to delete the inquiries or, at a minimum, report the inquiries as disputed.

57. Defendants' policies and procedures to simply data match information that it previously reported or data match the information that it has on its computer desktop with the information currently be reported to the CRAs, instead of conducting a careful inquiry into the substance and merits of a consumers' dispute, is unreasonable and a willful violation of the FCRA, 15 U.S.C. §1681s-2(b).

58. Defendants' intentional decision to report a credit inquiry while knowing they did not verify whether they had a permissible purpose for the credit inquiries, is a willful violation of the FCRA, 15 U.S.C. §1681s-2(b). Accordingly, Defendants' failure to comply with the requirements of 15 U.S.C. 1681s-2(b)(1)(A)-(E) is willful within the meaning of 15 U.S.C. 1681n(a). Alternatively, Defendants' failure to comply with the requirements of 15 U.S.C. 1681s-2(b) was negligent within the meaning of 15 U.S.C. 1681o(a).

59. As a result Defendants' foregoing violations of 15 U.S.C. 1681s-2(b), Plaintiff's suffered actual damages, including but not limited to: out-of-pocket costs, loss of credit opportunity, damage to reputation, invasion of privacy, fear of future encroachments to her privacy, embarrassment, frustration, humiliation and other emotional and mental distress.

60. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Trident in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and 1681o.

WHEREFORE, Plaintiff requests $50,000 in actual damages from all Defendants; $150,000 in punitive damages for violations of the FCRA; $19,000 or more in statutory damages; costs for litigating this action; and Plaintiff reserves his right to request legal fees in the event she retains an attorney.

**TRIAL BY JURY IS DEMANDED.**

Dated: November 21, 2016

Respectfully submitted,
YVONNE ALSTON

*[signature: Yvonne Alston]*

Yvonne Alston
10012 Cedarhollow Ln
Largo, Maryland 20774
(240) 432-0927

*Pro Se Plaintiff*